IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TERENCE BIGGERS, JR,** : | |
| : | |
| **Plaintiff** : | |
| : | |
| VS. : | |
| : | CIVIL No: 5:16-CV-0125-MTT-CHW |
| **Sheriff DAN KILGORE,** : | |
| : | |
| **Defendants** : | |

**ORDER**

Currently before the Court is a *pro se* civil rights complaint filed by Plaintiff Terence Biggers, Jr., a pretrial detainee confined in the Upson County Jail in Thomaston, Georgia. Plaintiff also seeks leave to proceed in this case with prepaying any portion of the required filing fee. *See* Response, June 6, 2016, ECF. No. 7. Upon consideration of Plaintiff's Complaint, as is required by 28 U.S.C. § 1915A(a), the Court finds that Plaintiff's allegations fail to state a viable claim against any named defendant. Plaintiff's request to proceed in this case with pre-paying any portion of the required filing fee is thus **GRANTED** for the purpose of dismissal; and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b), for failure to state a claim. Plaintiff's pending Motion of Notice to Unlawful Situation (ECF No. 3) is frivolous and **DISMISSED** as such.

1

I.   **Motion to Proceed** *in forma pauperis*

Plaintiff was previously granted leave to proceed *in forma pauperis*, but also ordered to pay an initial partial filing fee of $8.97.  *See* Order, May 12, 2016, ECF No. 6. Plaintiff, however, has now responded to that order and states that he is unable to pay the partial fee. Resp. & Objection, June 6, 2016, ECF No. 7.  In light of the additional information provided, Plaintiff is now granted leave to proceed without pre-payment of any portion of the filing fee.  This does not mean that the filing fee is waived.  Federal law requires that Plaintiff still pay the full filing fee over time using the payment plan described in § 1915(b).  The **CLERK** is thus **ORDERED** to forward a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

A. Directions to Plaintiff's Custodian

In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian (and any successor custodians) shall ensure that twenty percent (20%) of the income credited to Plaintiff's account (at the institution or facility which he is confined) be remitted to the Clerk of this Court until the $350.00 filing fee has been paid in full. Plaintiff's custodian is therefore **ORDERED** and immediately authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has

been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### B. Plaintiff's Obligation After Release

In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he remains obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.

## II.  Authority and Standard for Review under 28 U.S.C. § 1915A

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his allegations. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and are "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as

true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence to prove a claim. *Id*. "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] complaint must contain either direct or inferential allegations" from which the court can identify the "material elements necessary to sustain a recovery under some viable legal theory." *Green v. Sec'y, Fla. Dep't of Corr.*, 618 F. App'x 655, 656 (11th Cir. 2015) (quoting *Snow v. DirecTV, Inc*., 450 F.3d 1314, 1320 (11th Cir. 2006). *See Roe v. Aware Woman Ctr. for Choice, Inc*., 253 F.3d 678, 684 (11th Cir. 2001).

### III.   Failure to State a Claim

In this case, Plaintiff's Complaint alleges that, while he has been awaiting trial in the Upson County Jail, officers have refused him access to a law library and other legal materials he needs to assist in his own criminal defense. Plaintiff complained to the Jail administrator, Captain Searcy, who advised Plaintiff to contact his lawyer because "they have that stuff[;] we pay them to do that." The Complaint also alleges that Plaintiff has been filing "sick calls" since September of 2015 requesting dental care. He was seen by a dentist two months later and was referred to an oral surgeon at that time (and again five months later); but Plaintiff has not yet been seen by an oral surgeon and is in extreme pain.

Plaintiff has now filed the present action against Captain Searcy, the Sheriff of Upson County, Dan Kilgore, and the Jail's medical director, John Busbee seeking damages

and injunctive relief. The Complaint states that Defendants have violated Plaintiff's Fourteenth Amendment[1] rights to access the courts and to have adequate dental treatment while in pretrial confinement.

   A. Denial of Access to the Courts

Despite the conclusory assertions in his Complaint, Plaintiff's allegations about the lack of access to legal reference materials in the Upson County Jail fails to describe a due process violation. Prisoners have no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To state a constitutional claim, prisoner alleging a lack of access to a law library or other legal reference materials must show that, as a result of the denial, he has suffered an "actual injury." *Id.* In other words, the prisoner must allege that the lack of access actually hindered his efforts to pursue a specific legal claim that challenged either his conviction (directly or collaterally) or the conditions of his confinement. *Id.* at 354-55. Plaintiff has not alleged any such injury in his Complaint.

Rather, here, Plaintiff wishes to access legal materials so that he may aid in his defense. The Constitution does not grant him this right. As a criminal defendant, Plaintiff has been offered counsel for his defense, and the offer of court-appointed counsel satisfies the obligation to provide him meaningful access to the courts. *United States v. Wilson*, 690 F.2d 1267, 1272 (9th Cir. 1982). *See also Smith v. Hutchins*, 426 F. App'x 785, 789 (11th Cir. 2011) ("A criminal defendant . . . has no right to access a law library to

---

[1] "Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause." *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996); *see also Thomas v. Town of Davie*, 847 F.2d 771, 772 (11th Cir. 1988). "[T]he standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1024 n. 5 (11th Cir. 2001) (en banc). Thus, decisional law involving prison inmates is properly applied equally to Plaintiff's claims. *See Cottrell*, 85 F.3d at 1490.

aid him in his own defense at trial where he has already been provided the option of legal counsel."); *Bounds v. Smith*, 430 U.S. 817, 830 (U.S. 1977) (access to law libraries is not mandatory to provide meaningful access to the courts); *United States v. Chatman,* 584 F.2d 1358, 1360 (4th Cir.1978) (defendant who has waived his right to counsel does not have a "right to access to legal matters to prepare his defense").

### B.  Inadequate Dental Care

Plaintiff's allegations regarding the delay or denial of dental care are also insufficient to state a viable claim against the defendants named in this case.  It is apparent from the complaint that Plaintiff named Captain Searcy, Sheriff Kilgore, and Dr. Busbee as defendants solely because they are the officials who "oversee" the operation of the jail and the employees that work there.

A jail or county official cannot be held liable, under § 1983, for the unconstitutional acts of his subordinates absent evidence that the official personally participated in the constitutional violation *or* that a causal connection exists between supervisor's acts and subordinate's conduct.  *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)*; LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993).  In this case, none of the allegations in Plaintiff's complaint personally link Defendants to the denial of dental care; nor do his allegations include any facts to suggest a causal connection between Defendants' policies or practices and a subordinate's unconstitutional conduct.  It is thus not enough to allege that Defendants are responsible for all of the prisoner's general health and wellbeing. *See Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014) ("contention that . . . defendants are legally responsible for [prisoner's] safety is just a legal

conclusion: it is not a meaningful factual allegation and, therefore, is insufficient to preclude dismissal."). Plaintiff's filing of grievances is likewise insufficient to create the necessary causal connection to Defendants, as the denial of the grievances alone is also insufficient to establish personal participation in a constitutional violation. *See Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. 2007); *Baker v. Rexroad*, 159 Fed. Appx. 61, 62 (11th Cir. 2005) (per curium); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

### IV.  Conclusion

Therefore, and because the statute of limitations will not bar refiling,[2] Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. *See* 28 U.S.C. § 1915; 28 U.S.C. § 1915A(b)(1).

**SO ORDERED**, this 27th day of July, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Because Plaintiff's allegations arising out of events occurring on or June 25, 2015, there is no reason to believe that Georgia's two-year statute of limitations for filing person injury claims will bar refiling. *See Owens v. Okure*, 488 U.S. 235, 236 (1989); O.C.G.A. § 9-3-33 (1982).